UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN SCOTT TORGERSON, an incapacitated person, by and through his guardian, DARRYL TORGERSON<br><br>Plaintiff,<br><br>v.<br><br>GRANT LEAVIT, an individual, KATRINA STUCKEY, an individual, CAMILIO DePINA, an individual, MICHAEL VIRGILIO, an individual, ANDREW MARVEL, an individual, SHAUN HILTON, an individual, VANESSA FLICK, an individual, AARON SAUSMAN, an individual, BEN HUGHEY, an individual, MICHAEL CONNORS, an individual, JAMES NORTON, an individual, TREVOR TYLER, an individual, PATRICK MICHAUD, an individual, MATTHEW DIDIER, an individual, DANIEL AUDERER, an individual, JOHN DOES 1-10, individuals, and THE CITY OF SEATTLE, a municipal corporation,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>(JURY DEMAND) |

COMPLAINT - 1

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

Plaintiff, by and through his attorneys, hereby alleges as follows:

## PRELIMINARY STATEMENT

1.  This is a civil action against the City of Seattle and individual police officers employed by the Seattle Police Department, for violating Brian Scott Torgerson's civil and constitutional rights by subjecting him to unreasonable and excessive force on or about May 29, 2010 and causing him to suffer grievous and permanent injuries.

## JURISDICTION AND VENUE

2.  This Court has original jurisdiction over the plaintiff's civil rights claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). This Court has supplemental jurisdiction over the plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

3.  Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because all of the events that support the plaintiff's allegations occurred in this judicial district and because the defendants reside in this judicial district.

## PARTIES

4.  Plaintiff, Brian Torgerson, is an individual who is currently confined at Western State Hospital in Tacoma, Washington as a result of the injuries sustained from the events that form the basis of this complaint. On or about January 28, 2011, the King County Superior Court determined that Brian Torgerson is an Incapacitated Person and appointed his father, Darryl Torgerson, to act as his guardian. This action is brought on behalf of Brian Torgerson, by and through Darryl Torgerson, as his legal guardian, in order to seek redress for the injuries and

COMPLAINT - 2

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

damages sustained as a result of the conduct alleged in this complaint. Darryl Torgerson is authorized to commence this action on Brian Torgerson's behalf pursuant to his guardianship powers.

5. Defendant Grant Leavit is an individual residing in this judicial district. At all times relevant hereto, Defendant Leavit was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Leavit were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

6. Defendant Katrina Stuckey is an individual residing in this judicial district. At all times relevant hereto, Defendant Stuckey was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of her employment. All acts committed by Defendant Stuckey were done under color of the laws of the State of Washington and under the authority of her position as a police officer with the Seattle Police Department.

7. Defendant Camilio DePina is an individual residing in this judicial district. At all times relevant hereto, Defendant DePina was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant DePina were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

8. Defendant Michael Virgilio is an individual residing in this judicial district. At all times relevant hereto, Defendant Virgilio was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Virgilio were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

9. Defendant Andrew Marvel is an individual residing in this judicial district. At all times relevant hereto, Defendant Marvel was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Marvel were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

10. Defendant Shaun Hilton is an individual residing in this judicial district. At all times relevant hereto, Defendant Hilton was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Hilton were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

11. Defendant Vanessa Flick is an individual residing in this judicial district. At all times relevant hereto, Defendant Flick was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of her employment. All acts committed by Defendant Flick were done under color of the laws of the State of

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

Washington and under the authority of her position as a police officer with the Seattle Police Department.

12. Defendant Aaron Sausman is an individual residing in this judicial district. At all times relevant hereto, Defendant Sausman was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Sausman were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

13. Defendant Ben Hughey is an individual residing in this judicial district. At all times relevant hereto, Defendant Hughey was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Hughey were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

14. Defendant Michael Connors is an individual residing in this judicial district. At all times relevant hereto, Defendant Connors was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Connors were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

15. Defendant James Norton is an individual residing in this judicial district. At all times relevant hereto, Defendant Norton was a police officer with the Seattle Police Department, an

COMPLAINT - 5

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Norton were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

16. Defendant Trevor Tyler is an individual residing in this judicial district. At all times relevant hereto, Defendant Tyler was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Tyler were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

17. Defendant Patrick Michaud is an individual residing in this judicial district. At all times relevant hereto, Defendant Michaud was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Michaud were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

18. Defendant Matthew Didier is an individual residing in this judicial district. At all times relevant hereto, Defendant Didier was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Didier were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

19. Defendant Daniel Auderer is an individual residing in this judicial district. At all times relevant hereto, Defendant Auderer was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Auderer were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

20. Plaintiff anticipates the possibility that there will be other individual defendants, not currently known by name, who were employed by and/or were agents of the City of Seattle and who bear liability for the allegations herein. Because plaintiff does not currently know the names of all such individuals, they are identified in this complaint by the pseudonyms John Does 1-10, and plaintiff may seek to amend this complaint to add them as individual defendants as discovery and investigation progress.

21. Defendant City of Seattle is a governmental entity and a municipal corporation operating in this judicial district. Among its departments is the Seattle Police Department, which is responsible for traditional law enforcement activities within the City of Seattle.

**FACTUAL ALLEGATIONS**

22. On the evening of May 29, 2010, defendants Leavitt and Stuckey went to contact Brian Torgerson at his Seattle apartment in connection with a municipal warrant for theft in the amount of $500. Prior to contacting Mr. Torgerson, defendants Leavitt and Stuckey had reliable information that Mr. Torgerson was suffering from a mental illness. Upon first contacting Mr. Torgerson at his apartment, defendants Leavitt and Stuckey noticed that Mr. Torgerson was disoriented and otherwise exhibiting signs and symptoms consistent with mental illness. Although

COMPLAINT - 7

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

the situation called for the presence of a crisis intervention team officer, neither defendants Leavitt nor Stuckey nor any of the other defendants called for such an officer. Mr. Torgerson was unarmed, identified himself to the arriving officers, complied with the officers' initial instructions, and posed no threat to the arriving officers or others. Thereafter, the other individual defendants, DePina, Vigilio, Marvel, Hilton, Flick, Sausman, Hughey, Connors, Norton, Tyler, Michaud, Didier and Auderer arrived at the scene.

23. Throughout their continued encounter with Mr. Torgerson, the individual defendants, individually and collectively, used excessive and unreasonable force against Mr. Torgerson and/or failed to intervene while such force was used by their fellow officers. Among other things, the individual defendants took Mr. Torgerson to the ground, pinned his body against the floor and wall, twice employed a taser device against him, struck him repeatedly, and otherwise applied extreme and unwarranted pressure to his body. The individual defendants handcuffed Mr. Torgerson behind his back, tied his ankles together, and held him face down. Although Mr. Torgerson was bleeding from his face and/or head and was vomiting, defendants applied a "spit-sock" or hood over his face and continued to forcibly restrain him in a manner that put his life in danger. Defendants used this force despite their recognition that Mr. Torgerson was experiencing a mental health crisis, that his heart rate was extremely elevated, that he was hot and diaphoretic and was otherwise at risk of extreme injury or death as a result of the force used against him. The force used against Mr. Torgerson was excessive, unreasonable, unwarranted by the circumstances, and out of proportion with a legitimate law enforcement objective. It was foreseeable that the use of such force would put Mr. Torgerson at risk of serious injury or death.

COMPLAINT - 8

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

24. During the course of the encounter, and as a result of the excessive force used by the individual defendants, Mr. Togerson sustained significant injuries, including grievous and permanent mental and physical injuries. These injuries were caused by the defendants' use of excessive force against him. Mr. Torgeson has been damaged in an amount to be proven at trial. His damages include, *inter alia*, past and future medical expenses and other past and future costs of care, pain, suffering, disfigurement, emotional distress, loss of enjoyment of life, and other damages attendant to the physical and mental injuries caused by the defendants.

25. Throughout their encounter with Mr. Torgerson, the individual defendants acted intentionally, knowingly, maliciously, and/or recklessly in violation of his well-established constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

26. Defendant City of Seattle is subject to municipal liability for the unconstitutional use of excessive and unreasonable force described herein. The actions of the individual defendants as alleged herein were carried out in accordance with the official policies, procedures, customs, and practices of the City of Seattle. The City of Seattle failed to adequately train and/or supervise its personnel with regard to the use of force described in this complaint. The City of Seattle engaged in and permitted to exist a pattern or practice of unconstitutional use of force like the force described in this complaint. The City of Seattle also failed to adequately investigate the unconstitutional use of force described herein and/or ratified the unconstitutional use of force by its employees and/or agents.

COMPLAINT - 9

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

...

x

# CLAIMS

### Excessive Force (42 U.S.C. § 1983)

27. As a result of the allegations contained herein, Defendants are liable to Mr. Torgerson under 42 U.S.C. § 1983 for violating Mr. Togerson's constitutional rights by subjecting him to excessive and unreasonable force.

### Common Law Claims

28. As a result of the allegations contained herein, the individual Defendants are liable to Mr. Torgerson for common law torts under Washington law, including assault, battery, and negligence.

# JURY DEMAND

29. Plaintiff demands a trial by jury.

# PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the Court award:

A. Compensatory, consequential and/or nominal damages in an amount to be proven at trial, in amounts sufficient to compensate Mr. Torgerson for past and future medical expenses and other past and future costs of care, pain, suffering, disfigurement, emotional distress, loss of enjoyment of life, and other damages attendant to the physical and mental injuries caused by the defendants;

B. Punitive damages against the individual defendants, in an amount to be proven at trial;

C. Reasonable attorneys' fees, costs, and prejudgment interest incurred in pursuing this action as provided for in 42 U.S.C. § 1988; and

COMPLAINT - 10

BUDGE & HEIPT, P.L.L.C.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)

1  D. Any such other relief that this Court deems just and equitable under the circumstances of this case.

DATED this 31 day of May, 2011.

                        BUDGE & HEIPT, PLLC

                        /s/ *Edwin S. Budge*
                        Edwin S. Budge, WSBA # 24182
                        Erik J. Heipt WSBA #28113
                        Attorneys for Plaintiff

COMPLAINT - 11

**BUDGE & HEIPT, P.L.L.C.**
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 624-3060
(206) 621-7323 (fax)