HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN SCOTT TORGERSON, et al., <br><br> Plaintiff, <br><br> v. <br><br> GRANT LEAVIT, et al. <br><br> Defendants. | CASE NO. C11-900 RAJ <br><br> ORDER |

This matter comes before the court on plaintiff Brian Scott Torgerson's motion to exclude certain expert witnesses pursuant to Rule 37(c)(1). Dkt. # 30. In reply, plaintiff clarified that he withdrew the portion of the motion that sought to exclude Dr. Ross and Dr. McClung. Dkt. # 36. Accordingly, the only issue before the court is whether the court should exclude Dr. Christine Hall.

Rule 26(a)(2)(B) requires the parties to disclose the identity of each expert witness accompanied by a written report prepared and signed by the witness. Fed. R. Civ. Proc. 26(a)(2)(B). The report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." *Id.* 26(a)(2)(B)(i) & (ii). "Absent other direction from the court, a rebuttal report shall be filed 'within 30 days after the

disclosure' of the evidence that the expert is assigned to rebut. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Rule 26(a)(2)(C)). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed" unless the failure to disclose is substantially justified or harmless. *Id.*; Fed. R. Civ. Proc. 37(c)(1).

Expert disclosures were due on February 13, 2013. Dkt. # 29. When Defendants made their expert disclosures, Dr. Hall's expert report did not contain a signature or identify the facts and data she relied on in her report. Dkt. # 31-2 (Budge Decl.), Ex. B. On February 20, 2013, plaintiff filed his motion. On February 25, 2013, a signed copy of Dr. Hall's report and addendum identifying the materials relied on were transmitted to plaintiff's counsel. Dkt. # 34 (Maxey Decl.) ¶ 6. Even if the court accepted the belated attempt to comply with the rule, defendants have not offered any explanation as to why Dr. Hall's report appears to be incomplete. Dr. Hall essentially admits that her report is incomplete and that a more detailed analysis is required. Dkt. # 31-2 at 2, 12 (Budge Decl.), Ex. B. Specifically, she states: "I have had limited time to review the supplied documents, thus the issues that I bring forward are summarizations of the important concepts that emerged from my review of the case, rather than reiterations of the specific details from any one or all witnesses." *Id.* She also states: "The constraints of the timing of this report preclude the addition of complete referencing and document formatting." *Id.* Finally, she concludes: "More detailed discussion of each of the elements discussed in this report will be required for in depth understanding as the concepts outlined in this report are highly summarized." *Id.*

Given Dr. Hall's own admission that her report is not complete and defendant's refusal to provide any further detail, the court finds that her report does not comply with Rule 26(a)(2)(B). The court also finds that defendants' failure to comply with the rules is not substantially justified where defendants have failed to provide the court with any

1 understanding as to why Dr. Hall's report was rushed or otherwise incomplete.  Finally,
2 the court finds that defendants' failure is not harmless where the deadline for expert
3 disclosure and rebuttal disclosures[1] has long passed, dispositive motions have already
4 been filed, and trial is set for August 12, 2013.

5   For all the foregoing reasons, the court GRANTS plaintiff's motion to exclude Dr.
6 Hall as an expert witness.

7   Dated this 29th day of May, 2013.

*(signature: Richard A. Jones)*

The Honorable Richard A. Jones
United States District Judge

---

[1] The court declines defendants' invitation to allow Dr. Hall as a rebuttal witness.