HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN SCOTT TORGERSON,

    Plaintiff,

    v.

GRANT LEAVIT, et al.,

    Defendants.

CASE NO. C11-900 RAJ

ORDER

This matter comes before the court on Defendants' motion for reconsideration. Dkt. # 93. On May 29, 2013, the court granted plaintiff's motion to exclude Dr. Christine Hall as defendant's expert because her expert report was incomplete, and therefore not compliant with Rule 26(a)(2)(B). Dkt. # 78.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. ("LR") 7(h)(1).

Defendants argue that "reconsideration is warranted in this case because there are additional facts that have occurred since the noting date of March 8, 2013." Dkt. # 93 at 4. However, Defendants have failed to meet their burden because they have failed to demonstrate manifest error or new facts or legal authority that could not have been

ORDER– 1

brought to the court's attention with reasonable diligence with respect to the "supplemental"[1] report. Defendants still have not explained why Dr. Hall's expert report was incomplete. Most importantly, Defendants have not identified any information not previously available to Dr. Hall or identified any inaccuracies in the initial report that would justify supplementation. *See Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) (unpub.) ("[S]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."). It appears that Defendants simply seek a do-over to provide the complete expert report it should have produced in the first instance. The court does not believe that Rule 26(e)(2) allows a party to supplement a previously incomplete report. *See Luke*, 323 Fed. Appx. at 500 ("Nor does Rule 26(e) create a loophole through which a party who submits partial expert witness disclosures … can add to them to her advantage after the court's deadline for doing so has passed.").

Defendants also seek to introduce Dr. Hall's March 13, 2013 report as a stand-alone rebuttal report.[2] Rebuttal testimony is testimony that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. Proc. 26(a)(2)(D)(ii). Rebuttal evidence is allowed to permit a litigant to counter new, unforeseen facts presented by the opposing party. *Daly v. Far Eastern Shipping Co. PLC*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003) (citing *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999)); *see Brutsche v. City of*

---

[1] Defendants have identified the March 13 report as both supplemental and rebuttal. The court will address each in turn.

[2] In the May 29, 2013 order, the court declined Defendants' invitation to allow Dr. Hall to be designated as a rebuttal witness. As of May 29, the time to designate rebuttal witnesses had passed and the court did not have any indication before it that Defendants had timely provided a rebuttal expert report. The court now has that information before it. To the extent that Dr. Hall's March 13, 2013 report qualifies as a rebuttal report, the court finds that it is timely. Although Defendants should have brought the March 13 report to the court's attention previously, plaintiff does not dispute that it timely received the rebuttal report.

ORDER– 2

*Federal Way*, 300 Fed. Appx. 552, 553 (9th Cir. 2008) ("rebuttal evidence may not be offered merely to bolster the plaintiff's case-in-chief") (unpub.).

  The very fact that Defendants seek to use the March 13 report as supplemental (to the initial report) or rebuttal seems to indicate that the entirety of the March 13 report is not offered "solely [to] contradict or rebut evidence on the same subject matter." Nevertheless, parts of the report specifically refer to three of plaintiffs' experts (Martinelli, Cummins, and Spitz) and provide targeted rebuttal testimony on the same subject matter provided by those experts. Those parts of the report are proper rebuttal evidence.[3]

  For all the foregoing reasons, the court GRANTS in part and DENIES in part Defendants' motion for reconsideration. Defendants may use Dr. Hall as a rebuttal expert witness with respect to her opinions that rebut or contradict the specific opinions of Martinelli, Cummins, and Spitz.

  DATED this 28th day of June, 2013.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[3] The court expects Defendants to highlight those specific portions of the report, to meet and confer with plaintiff, and to submit the highlighted report to the court with its pre-trial submissions. If the parties cannot agree with respect to the proper scope of rebuttal testimony in Dr. Hall's report after they meet and confer, they shall clearly mark the specific portions objected to so the court can make a targeted ruling before trial.

ORDER– 3